UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOMEZ,<br><br>              Petitioner,<br><br>     v.<br><br>RON GODWIN, Acting Warden,<br><br>              Respondent. | Case No. CV 20-2393-DOC (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    The Court has reviewed the records on file and the Report and Recommendation of U.S. Magistrate Judge, which recommends that the Court grant Respondent's motion to dismiss the Petition. On February 12, 2021, Petitioner filed Objections to the R. & R., in which he mostly simply repeats arguments from his opposition to Respondent's motion. The Court accepts the findings and recommendations of the Magistrate Judge.

    Petitioner doesn't dispute that the Magistrate Judge correctly found that the portions of grounds one and two contending that his original conviction was unconstitutional are untimely and that ground three is both untimely and impermissibly successive. (See R. & R. at 6-9 & n.5.) He argues, however,

that his challenge to the denial of his section 1170.95 resentencing petition, which the Magistrate Judge deemed timely but not cognizable on federal habeas review, presents a federal claim.  Specifically, he argues that Senate Bill 1437 "creat[ed] a liberty interest" by abolishing the natural-and-probable-consequences theory of guilt for murder and that the state court therefore violated his right to due process when it denied his allegedly meritorious resentencing petition.  (Objs. at 2, 4.)

Initially, as the Magistrate Judge recognized (see R. & R. at 10), federal courts have routinely held that challenges like Petitioner's "pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable" on federal habeas review.  Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020); see Huynh v. Lizarraga, No. 15cv1924-BTM (AGS), 2020 WL 1324826, at *42 (S.D. Cal. Mar. 20, 2020) ("[A]ny entitlement to relief [under section 1170.95] is strictly a matter of the application of state law to which this Court must defer."), appeal filed, No. 20-55343 (9th Cir. Apr. 1, 2020); see also Bellows v. Adams, No. CV 16-09608-DOC (SHK), 2019 WL 3220024, at *4 (C.D. Cal. Mar. 26, 2019) (denying petitioner's motion for stay to exhaust claim under SB 1437 and section 1170.95 when it wasn't "cognizable on federal habeas review because whether Petitioner is entitled to relief under [section 1170.95] is solely a matter of state law"), accepted by 2019 WL 1924977 (C.D. Cal. Apr. 29, 2019).

Even if SB 1437 does create a liberty interest for some defendants because it requires that those convicted of first- or second-degree murder under a felony-murder or natural-and-

probable-consequences theory be resentenced, see § 1170.95(a); Bd. of Pardons v. Allen, 482 U.S. 369, 377-78 (1987) (to create liberty interest, state law should include "mandatory language" giving rise to presumption that relief will be granted when or unless certain findings are made), the Magistrate Judge correctly found that Petitioner was not in that group.

As she observed (see R. & R. at 12), the state court held in denying Petitioner's resentencing petition that he was "not entitled to relief as a matter of law" because the record reflected that he was "the actual killer or . . . harbored the intent to kill by aiding and abetting the actual killer in the commission of murder." (Lodged Doc. 5 at 1; see id. at 2-3.) Petitioner insists that because the jury found not true that he personally used a firearm during the crime, it necessarily found that he was "not the 'Actual Killer.'" (Objs. at 5.)  But as the Magistrate Judge pointed out, even if he was not the shooter and instead directly aided and abetted the murder, as the court of appeal noted was possible (see Lodged Doc. 3 at 22-24),[1] then he was still guilty of first-degree murder without application of the natural-and-probable-consequences theory. (See R. & R. at 12.)  He therefore wasn't entitled to section 1170.95 resentencing. See Cole, 480 F. Supp. 3d at 1098 & n.8 (holding that denial of section 1170.95 petition did not deprive petitioner of due process because he was "actual killer" and therefore "not convicted of felony murder or murder under a

---

[1] Petitioner concedes that the jury was instructed on direct aiding-and-abetting guilt. (Objs. at 3.)

natural and probable consequences theory"); <u>Blacher v. Pollard</u>, No. 20-cv-07057-CRB (PR), 2020 WL 8484690, at *3 (N.D. Cal. Dec. 11, 2020) (dismissing claim that denial of petitioner's section 1170.95 petition "violated his federal rights" when state court found that petitioner was not eligible for resentencing because he couldn't satisfy one condition for relief).

It is true, as Petitioner contends, that the prosecution's theory of guilt was that Petitioner was the "actual killer," which the jury likely rejected because it found not true that he personally used a firearm, and he "could not have aided and abetted himself." (Objs. at 5-6.) But there is no prohibition on inconsistent jury verdicts. <u>See</u> <u>United States v. Powell</u>, 469 U.S. 57, 65 (1984) (noting that "nothing in the Constitution" requires protecting defendants from inconsistent jury verdicts). And as the state court found and the Magistrate Judge recognized, the evidence amply demonstrated that he had the intent to kill necessary for direct aiding and abetting. (<u>See</u> Lodged Doc. 5 at 1-3; R. & R. at 12.)

In any event, even if SB 1437 applied to Petitioner and the state court's denial of his resentencing petition was erroneous, his claim still fails because he hasn't demonstrated that the court's application of California law was "so arbitrary or capricious as to constitute an independent due process [violation]." <u>Richmond v. Lewis</u>, 506 U.S. 40, 50 (1992) (state court's misapplication of state sentencing law may violate due process only if petitioner can demonstrate both error and that error was "so arbitrary or capricious as to constitute an independent due process . . . violation" (citation omitted)); <u>see</u>

4

Blacher, 2020 WL 8484690, at *3 (dismissing section 1170.95 resentencing claim when superior court's application of sentencing law was "neither erroneous nor 'so arbitrary or capricious as to constitute an independent due process [violation]'" (quoting Richmond, 506 U.S. at 50) (alteration in original)).

Petitioner contends that the state court improperly determined that he was a "major participant" in the crimes and "acted with reckless indifference" without first allowing him to present evidence at a hearing. (See Objs. at 8 (citing People v. Drayton, 47 Cal. App. 5th 965 (2020)).) Although the superior court didn't make those findings in denying his resentencing petition (see Lodged Doc. 5), it did in denying his habeas petition challenging that ruling (see Lodged Doc. 12). But unlike in Drayton, in which the petitioner sought resentencing after being convicted under a felony-murder theory and therefore had to prove that he wasn't a "major participant" and didn't "act with reckless indifference," id. at 982, Petitioner's claim was based on his alleged conviction under a natural-and-probable-consequences theory (see Lodged Doc. 11 at 3-6). The court therefore didn't need to make those findings or hold a hearing once it concluded that he wasn't entitled to relief as a matter of law because he wasn't convicted under that theory. (See Lodged Docs. 5 & 12); People v. Verdugo, 44 Cal. App. 5th 320, 323, 336 (2020) (rejecting argument that superior court erred when it summarily denied defendant's resentencing petition without appointing him counsel or allowing briefing when denial was "properly based on its ruling [that defendant] was ineligible

for relief as a matter of law" because record reflected that he was convicted as direct aider and abettor and not under natural-and-probable-consequences theory), review granted, 459 P.3d 1122 (Cal. 2020).

IT THEREFORE IS ORDERED that Respondent's motion to dismiss the Petition is GRANTED and this action is dismissed with prejudice.

DATED: March 8, 2021

*David O. Carter*

DAVID O. CARTER
U.S. DISTRICT JUDGE